## Robert R. Meyer, Petitioner, v. Commissioner of Internal Revenue, Respondent.

Docket No. 44032.   Promulgated November 14, 1932.

*H. A. Mihills, C. P. A.*, for the petitioner.
*Hartford Allen, Esq.*, for the respondent.

OPINION.

TRAMMELL: The petitioner contends that, as a result of the redemption in 1926 of the 213 shares of preferred stock in the Consolidated Naval Stores Company issued to him in 1923 as a stock dividend, he realized a gain of $5,325, which is taxable as a capital gain, since the stock was held by him for more than two years. The respondent contends that the entire amount of $22,365 received by the petitioner upon redemption of the stock is taxable as a cash dividend.

The parties have stipulated that, if we should hold that the income resulting to the petitioner from the transaction is taxable as capital gain, the amount of such income is $5,325, instead of $2,840.14 as reported by him in his return.

The respondent contends that under the provisions of section 201 (g) of the Revenue Act of 1926 the entire amount of $22,365 received by the petitioner upon the redemption of his stock is to be treated as a taxable dividend and subject to surtax. Section 201 (g) of the Revenue Act of 1926 provides as follows:

If a corporation cancels or redeems its stock (whether or not such stock was issued as a stock dividend) at such time and in such manner as to make distribution and cancellation or redemption in whole or in part essentially equivalent to the distribution of a taxable dividend, the amount so distributed in redemption or cancellation of the stock, to the extent that it represents a distribution of earnings or profits accumulated after February 28, 1913, shall be treated as a taxable dividend. In the case of the cancellation or redemption of stock not issued as a stock dividend this subdivision shall apply only if the cancellation or redemption is made after January 1, 1926.

At the time of the stock dividend in 1923 the corporation had earned surplus accumulated since February 28, 1913, sufficient to pay such amount as well as at the time of redemption of such stock in 1926. There is no controversy between the parties as to the shares of the preferred stock in the Consolidated Naval Stores Company received by the petitioner in 1923 being a true stock dividend, nor is there any controversy between the parties respecting the redemption and cancellation by the Consolidated Naval Stores Company of its entire issue of preferred stock in 1926. Accordingly, the question presented for determination is whether the redemption and cancellation by the Consolidated Naval Stores Company of its preferred stock under the circumstances set out in our findings were *at such time* and *in such manner* as to make the amounts paid by the company upon such redemption and cancellation essentially equivalent to the distribution of a taxable dividend.

In *Pearl B. Brown, Executrix*, 26 B. T. A. 901, we considered the purpose and the manner of application of this provision of the act, and there said:

The ordinary intendment and purpose of the statute is plain enough. A stock dividend being constitutionally free from tax, *Eisner* v. *Macomber*, 252 U. S. 189, and a stock redemption being a *pro tanto* liquidation of investment, the two could easily be used in a common plan so as to circumvent the tax which would be imposed if the distribution were made directly by way of ordinary dividend. To bar such circumvention, the Revenue Act of 1921 taxed the distribution as a dividend whether it was made directly as a dividend or by the more roundabout course, and the subsequent statutes have carried the

same provisions with such refinements of expression as were found necessary by experience to fulfill the purpose. Revenue Act of 1921, sec. 201 (d) ; 1924, sec. 201 (f) ; 1926, sec. 201 (g) ; 1928, sec. 115 (g). See H. Rept. 1, 69th Cong., 1st sess., p. 5; S. Rept. 52, 69th Cong., 1st sess. p. 15. While the obvious device, by a close corporation having a surplus, consisting of an expansion of capitalization, a stock issue and stock redemption, all within a short time pursuant to a unified plan, is plainly within the statute (see C. B. VIII–2, p. 133), the flexible language of the provision makes it clear also that its burdens were not to be imposed arbitrarily (see C. B. VI–2 p. 14). As the taxpayer may not, in view of this statute, avoid the tax by an artificial device of empty forms, cf. *W. C. Huntoon*, 14 B. T. A. 459, so the Government may not, under this statute, impose a tax merely because there has been a stock redemption, where the circumstances are free from artifice and beyond the terms and fair intendment of the provision. Of course, where the language of the statute is specific and inelastic there is no room for avoiding its effect, whatever the inconsistency with the general purpose as disclosed by later enactments, cf. *John Stewart Byran*, 20 B. T. A. 573; but, generally speaking, the provisions should be treated as special and applied to promote its special purpose (see *Alfred A. Laun*, 26 B. T. A. 764).

When the stock dividend was declared in 1923, the corporation did not have sufficient cash available to pay the dividend in cash. This stock dividend was declared in order to bring the capitalization of the company to a figure which more nearly approximated the value of its assets and to have available to the corporation as capital for its business uses such earnings and profits as it had accumulated. We find nothing in this case to distinguish it from our decision in the *Brown* case, *supra*.

The fact that an officer of the company in a subsequent year expressed the view that the redemption of the preferred stock was the equivalent of a cash dividend is not material. It is only his opinion, by which we are not bound, and which in fact throws no light upon the case. We must reach our conclusion on the facts. We see nothing in the case which indicates that the stock redemption should be treated as the equivalent of a cash dividend.

The amount of gain received in 1926 as the result of the redemption and cancellation of the stock should be taxed as capital gain. Sec. 208 (a) (1) and (8) of the Revenue Act of 1926.

Reviewed by the BOARD.

*Judgment will be entered under Rule 50.*